UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 1:22-cr-20592-BB

UNITED STATES OF AMERICA,
        Plaintiff,

vs.

LUIS VIDAL VASQUEZ VASQUEZ,
        Defendant.

_____/

## DEFENDANT LUIS VIDAL VASQUEZ VASQUEZ' SENTENCING MEMORANDUM and MOTION FOR DOWNWARD VARIANCE

Luis Vidal Vasquez Vasquez, by and through his undersigned counsel, hereby files this

Sentencing Memorandum and Motion for Downward Variance under 18 U.S.C. § 3553(a).

### SUMMARY OF THE SENTENCING ARGUMENT

This Court should vary downward for this hardworking father and upstanding member of

his community who took responsibility for his minor role in this offense.

### I. BACKGROUND and PERSONAL HISTORY OF LUIS VIDAL VASQUEZ

Luis is a 33-year son, husband and father of two young children who lives in the

Dominican Republic. He grew up in poverty raised in part by his grandmother but moved to the

city with his single mother at a young age when he began working along with going to school.

Luis has a long and very stable work history. He began working for a beverage distribution

company washing cars as a teenager where he remained for about 6 years when the owner of the

company gave him the opportunity to work on a fishing vessel he owned. As an adult he worked

the hard life as a commercial fisherman that took him out on the ocean for a month at a time.

In addition to supporting his own young family, Luis also supports his mother and

grandmother. Luis enjoys an excellent reputation in the community and in his family. Letters

submitted in his support describe him as living a life of, "good works" including helping the elderly in his community and as a "good, hard-working man".



Luis with Wife and Child



Luis with his Family



Luis with his Child

## II. OFFENSE CONDUCT

Luis' participation in this crime was motivated only by his need for money to repay a real estate loan that put his family in debt. Despite working very hard, long hours he simply did not have the means to support his extended family and pay his bills.

Luis' role was a mere crew member with no specialized role on the voyage as he was not the master / captain, nor was he guarding the drugs for the organization, making him the very lowest on the vessel. Luis had no decision-making power in this venture. His job was simply to be a crew member helping as directed on the boat that was transporting narcotics from point A to point B. He had no ownership interest in the drugs. He was going to be paid a small amount compared with the actual value of the drugs. His role is similar to that of a courier or a mule that carries drugs through an airport. Further, he was not involved in the providing or ultimately distributing the drugs; he was not involved in loading or unloading the drugs from the vessel. There is no evidence that Luis Vidal Vasquez Vasquez did anything other than board the vessel

that was already packed with cocaine, that he knew was to be navigated meet another vessel off the coast of Puerto Rico to deliver the drugs. That is the extent of his participation and knowledge.

Once the crew was approached by the Coast Guard and ordered to stop, they complied and appeared to be cooperative with all law enforcement instructions. Further, there was no attempt to flee or jettison any packages.

## III. REQUESTS FOR DOWNWARD VARIANCE

The 18 U.S.C. § 3553(a) factors should also be considered when determining the appropriate sentence for Luis Vidal. In United States v. Booker, 125 S. Ct. 738 (2005), the Supreme Court excised that part of the Sentencing Reform Act that made the guidelines mandatory and modified it to make the Guidelines effectively advisory. It requires a sentencing court to consider Guideline ranges, but it permits the court to tailor the sentence in light of other statutory concerns as well. 18 U.S.C. § 3553(a) now governs federal sentencing. It requires courts to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2."

### A. Zero Point Offender

The 2023 Criminal History Guideline Amendments to take effect on November 1, 2023. If sentenced under the future guidelines, Luis Vidal would be a "zero-point offender" as he has zero criminal history points thereby reducing his guidelines by an additional 2 levels. This is basis for a downward variance. Numerous district judges in the Southern District of Florida have already granted variances based upon this upcoming amendment.[1]

---

[1] United States v. Christian Pena Encarnacion, 22-20422-DMM; United States v. Robles, 22-20494-RNS; United States v. Palomino, 22-20501-BB; US v. del Pozo, 22-cr-20429-Scola; US v Angel Alexis Garces, 22-20422-DMM; US v. Crystal Estrada Marquez, 22-20595-DMM; US

**B. Nature and Circumstances of the Offense**

Although this case involves is a serious drug offense, Luis Vidal's participation was limited to a very minor role in this offense as discussed in the Objections to the PSR and motivated by only by his poverty. Since Luis Vidal is among the lowest on the rung of culpable individuals in this entire conspiracy, it seems as if this case is perfectly suited for what the US Sentencing Commission envisioned in Application Note 3(A) to U.S.S.G. §3B1.2 and the De Varon factors.

**C. History and Characteristics of the Defendant**

The Court should consider Luis Vidal's long history of work and good characteristics including being a well-respected father. As discussed in more detail above in section I and in the letters submitted on his behalf, "hardworking" probably understates Luis' character which is demonstrated by his years of working many jobs to support his extended family and in helping his neighbors.

The Court should recognize his entire life history and understand he has not lived the life of privilege and had to struggle to support his family. Therefore, the Court should consider his personal history and characteristics as a basis to vary downward.

**D. Unwarranted Sentencing Disparities**

18 U.S.C. § 3553, also requires the Court to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. See United States v. Docampo, 573 F.3d 1091, 1101 (11th Cir. 2009); United States v.

---

v. Alejandro Catano Velasquez, 22-CR-60207-AHS; United States v. Solchys Perez et al. 22-cr-20534; USA v Isaac McNeal, 22-20467-CR-GAYLES; US v Da Costa 22-20534-DMM; US v. Luckny Vincent, 23-CR-80027-RLR; United States v Carlos Sablón, 22-20341- JEM; US v Javier Ortiz, 22-cr-10001-Gayles; Riquelvis Alfonseca, 22CR20048-KMW.

Spoerke, 568 F.3d 1236, 1252 (11th Cir. 2009). In addition, there should not be unwarranted disparate applications of the Minor Role reduction.

Similarly situated defendants in Title 46 cases have received sentences from this Court between 70-75 months in prison. Specifically, in the case of Carlos Guzman-Javier and Reinaldo Borbosa-Guevara, case number 22cr20282-BB, these defendants were charged with trafficking more than 450 kilograms of cocaine and received a downward variance to 75 months. Also, in the case of defendant Ronald Mijail Arregoces Barros, case number 21cr20438-BB, this defendant received a minor role adjustment and ultimately a sentence of 70 months when the quantity of drugs was approximately 800 kilograms of cocaine. In another case, Gregorio Renteria Bravo, case number19-CR-20042-SCOLA, was sentenced to 60 months–well below the proposed sentencing range–after transporting 1,800 kilograms of cocaine. All of these cases were before the passage of the Zero-Point Offender adjustment which would lower the guideline calculation two more levels.

In Luis Vidal's case, probation calculated the sentencing guidelines to be 33, corresponding to 135-168 months. Such a range is not in line with the sentences other, similarly-situated defendants have received before this Court or in this District.

If this Court applies the Minor Role and the Zero-Point Offender reductions then the advisory guideline range would a level 25 corresponding to a sentence between 57 to 71 months. The Defense suggests that a sentence by operation of the guideline calculation presented by the Defense or by means of a variance to no greater than 57 months would sufficient to achieve the goals of 3553 in this case.

WHEREFORE, the Defendant, Luis Vidal Vasquez Vasquez, requests this Court take into consideration the foregoing circumstances and legal authorities in determining an appropriate and just sentence for him.

Respectfully submitted,

Counsel for Luis Vidal Vasquez Vasquez
SHERRI A. ROMANO, P.A
28 West Flagler Street, Suite 304
Miami, FL 33130
Tel: 305-441-9858
Fax: 786-471-7998
E-mail: sromano@sarpalaw.com
BY:  /s/ Sherri A. Romano
Florida Bar No.: 317380

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this _6___ day of __July_____, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

BY:  /s/ Sherri A Romano