UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.  22-20592-CR-BLOOM

UNITED STATES OF AMERICA,

 Plaintiff,

v.

JESUS ALBERTO HERNANDEZ OSORIO,

 Defendant.

_____/

## MR. HERNANDEZ OSORIO'S SENTENCING MEMORANDUM

Jesus Alberto Hernandez Osorio, by and through undersigned counsel, respectfully files the following Sentencing Memorandum to assist the Court in fashioning a sentence that is sufficient but not greater than necessary to fulfill the purposes of sentencing under 18 U.S.C. § 3553(a). He respectfully submits that a sentence of 57 months imprisonment is sufficient but not greater than necessary, under the circumstances.

### I. History and Characteristics of Mr. Hernandez Osorio and Circumstances of the Offense

Jesus Hernandez Osorio grew up in poverty in Maicao, Colombia, with his mother and his younger brother. His father abandoned the family when Jesus was only an infant, leaving the young boy struggling and yearning for a relationship with his father. He left school in the ninth grade, and enlisted in the military at 18 years old.

Mr. Hernandez Osorio began to suffer with mental illness and was diagnosed with schizophrenia as a young adult. His mental illness would lead to three hospitalizations during times of crisis. Despite his struggle with this devastating mental illness, and despite the limited employment opportunities available to him, Mr. Hernandez Osorio sought and worked odd jobs whenever he could, and assisted a friend in unloading merchandise from trucks at stores. Despite his efforts and hard work, he was not able to find long-term, stable employment and survived on these odd jobs earning only $4 per day.

Mr. Hernandez Osorio's myriad struggles left him vulnerable and desperate, and unfortunately he made the terrible decision to take the dangerous trip that ultimately led him to be before this Court. That, of course, is not an excuse—but it is important context. Mr. Hernandez Osorio recognizes the seriousness of the offense he committed and deeply regrets his actions.

The Court should consider not only Mr. Hernandez Osorio's remorse, but also his status as a first-time, low-level drug courier. Someone who was desperate enough to undertake a hazardous journey—someone who, sadly, is expendable to the high-level drug traffickers who benefit most from the endeavor. Desperate and vulnerable, Mr. Hernandez Osorio was transported to a remote beach, hours from his home, where men with masks led him to a boat. The boat was already prepared and loaded. A mere 24 hours after embarking on the perilous journey, Mr. Hernandez Osorio and his codefendants were apprehended by law enforcement and on the way to the United States for the first time to be prosecuted in federal court. Mr. Hernandez Osorio did

not act as a master, captain, or navigator; he did not own the drugs or the boat; he had no involvement in planning or organizing the trip, nor did he have any meaningful decision-making authority or control over—or even much knowledge regarding the scope of—the criminal activity. Rather, his role was limited to participating in the transportation—or, more accurately, the attempted transportation—of drugs from one point to another at the direction of other, more culpable coconspirators. Mr. Hernandez Osorio has moved for a minor role adjustment. (*See* DE 64:2–5). But even if the Court does not grant that request, he submits that these circumstances and factors are worthy of the Court's consideration under 18 U.S.C. § 3553(a).

Mr. Hernandez Osorio's imprisonment will also be qualitatively and quantitatively different for him because of his lack of ties to the United States. First, and perhaps most importantly, Mr. Hernandez Osorio is far from his home and family. His mother and brother, who continue to love and support him, live in Colombia and will not be able to visit Mr. Hernandez Osorio while he is incarcerated here in the United States. That alone will make his sentence more arduous. Additionally, Mr. Hernandez Osorio will be ineligible for many programs offered by the BOP—including those that create the potential for early release. And he will also be subject to removal and, along with it, immigration custody, extending the period that he is detained as a result of this offense. In sum, taken together, these unintended consequences mean that Mr. Hernandez Osorio will serve a *de facto* longer sentence—and a more arduous one.

Mr. Hernandez Osorio knows that he did wrong and he accepts the consequences. Since arriving here, Mr. Hernandez Osorio has demonstrated remorse and a desire to right his wrong. He gave a post-arrest statement admitting to his crime, he pleaded guilty, and he provided to the government all of the information he knows. And in fact, Mr. Hernandez Osorio and his codefendants were cooperative from the moment they encountered law enforcement, complying with their commands, and making no efforts to flee or throw packages overboard. Despite his grave error in judgment, Mr. Hernandez Osorio has demonstrated a clear acceptance of responsibility. And he will have the love and support of his mother and brother in Colombia when he is released.

## II.      Avoiding Unwarranted Sentencing Disparities

Lastly, a sentence within the guidelines range as calculated by Probation would create unwarranted sentencing disparities. Defendants convicted of Title 46 offenses in this district and elsewhere routinely receive sentences below the advisory guideline range in recognition of the fact that the applicable guidelines would result in sentences that are greater than necessary under § 3553(a).

This Court has imposed sentences between 70 and 75 months in comparable cases. *See, e.g.*, *United States v. Ronald Mijali Arregoces Barros*, Case No. 21-20438-cr-BB (imposing 70-month sentence in case involving 798 kilograms of cocaine); *United States v. Jhason Joaquin Estupinan-Gutierrez*, Case No. 21-20379-cr-BB (imposing 75-month sentence in case involving 807 kilograms of cocaine); *see also United States v. Reinaldo Borbosa-Guevara* & *Carlos Guzman-Javier*, Case No. 22-

cr-20282-BB (imposing 75-month sentence on defendants responsible for 630 kilograms of cocaine).[1]

This is consistent with the practice of many courts in this district. Between 2016 and 2022, dozens of defendants in Title 46 cases in the Southern District of Florida involving comparable drug quantities to that in Mr. Hernandez Osorio's case received sentences between 40 and 84 months imprisonment:

- *United States v. Jhonny Caicedo-Ayovi*, Case No. 17-cr-60050-RNS: 40-month sentence imposed where the defendant was held accountable for 1,232 kilograms of cocaine.

- *United States v. Luis Josue Leon Escobar, Lider Alexander Banquera, & Francisco Castillo Riascos*, Case No. 18-cr-20603-CMA: in case involving 2,263 kilograms of cocaine, the two crew members received 47-month and 52-month sentences, while the master received a 61-month sentence.

- *United States v. Jose Maria Velez Monsalve*, Case No. 18-20817-cr-KMW: 51-month sentence imposed where defendant was held accountable for 746 kilograms of cocaine.

- *United States v. Ramon Isauro Alvia Chavez*, Case No. 18-cr-20913-MGC: 57-month sentence imposed where the defendant was held accountable for 1,300 kilograms of cocaine.

- *United States v. Angel Domingo Orejuela Aguino, Geovanny Aurelio Calderon Calderon, & Jose Manuel Gabino Solis Rodriguez*, Case No. 17-cr-20252-MGC: defendants received 59-month sentence in case involving 740 kilograms of cocaine.

---

[1] This Court has imposed 84-month sentences in cases involving similar drug quantities but where the offense involved a semi-submersible vessel and/or the defendant served as the master/captain. *See United States v. Francisco Javier Lafaux-Rivera*, Case No. 20-20157-CR-BB (imposing 84-month sentence in case involving semi-submersible vessel and 1,139 kilograms (gross weight) / 897 kilograms (net weight) of cocaine); *United States v. Jose Yovanny Cueto-Sanchez*, Case No. 22-cr-20282-BB (imposing 84-month sentence where defendant identified self as master and case involved 630 kilograms of cocaine);

- *United States v. Francisco Jairo Ortiz Valencia*, Case No. 16-cr-20562-RNS: 60-month sentence imposed where defendant was held accountable for 852 kilograms of cocaine.

- *United States v. Gregorio Renteria Bravo*, Case No. 19-cr-20042-RNS: 60-month sentence imposed in case involving 1,800 kilograms of cocaine on a semi-submersible.

- *United States v. Segundo Pastor Lopez Villarreal*, Case No. 20-20101-cr-RNS: 60-month sentence imposed in case involving 1,018 kilograms of cocaine.

- *United States v. Jeison Albeiro, Renteria-Cuero, & Faustino Cuero-Minota*, Case No. 18-20124-CR-MGC: defendants responsible for 1,140 kilograms of cocaine in low-profile vessel received 62-month, 65-month, and 72-month sentences respectively.

- *United States v. William Fernando Bonilla-Rodriguez, Juan Emilio Franco-Bonilla, & Washington Javier Corozo-Cedeno*, Case No. 17-cr-20128-KMW: defendants received 66-month, 72-month, and 72-month sentences respectively in case involving 780 kilograms of cocaine.

- *United States v. Ronald Mijali Arregoces Barros*, Case No. 21-20438-cr-BB: 70-month sentence imposed in case involving 798 kilograms of cocaine.

- *United States v. Juan De Leon Berroa*, Case No. 21-20359-cr-RNS: 70-month sentence imposed where defendant was accountable for 639 kilograms of cocaine.

- *United States v. Eusagisuio Boya*, Case No. 17-cr-20855-CMA: 72-month sentence imposed in case involving 1,044 kilograms of cocaine.

- *United States v. Eduardo Alfredo Quinonez Micolta*, Case No. 17-20203-CR-DPG: 72-month sentence imposed where defendant was accountable for 943 kilograms of cocaine.

- *United States v. Ronny Joel Chavez-Ontaneda*, Case No. 18-20268-CR-KMW: 72-month sentence imposed in case involving 1,731 kilograms of cocaine.

- *United States v. Jorge Eliecer Rios Martinez*, Case No. 19-20413-cr-RNS: 72-month sentence imposed where defendant responsible for 840 kilograms of cocaine.

- *United States v. Jose Carlos Ramirez Lopez & Ivan Castaneda Ramirez,* Case No. 18-cr-220574-UU: defendants received 72-month sentence in case involving 1,149 kilograms of cocaine.

- *United States v. Francisco Candelo Portocarrero,* Case No. 19-cr-20042-RNS: 72-month sentence imposed in case involving 1,800 kilograms of cocaine on a semi-submersible.

- *United States v. Lenin Dario Iler Reyes,* Case. No. 17-20568-CR-FAM: 74-month sentence imposed in case involving 759 kilograms of cocaine.

- *United States v. Jhason Joaquin Estupinan-Gutierrez,* Case No. 21-20379-cr-BB: 75-month sentence imposed in case involving 807 kilograms of cocaine.

- *United States v. Reinaldo Borbosa-Guevara,* Case No. 22-cr-20282-BB: 75-month sentence imposed in case involving 630 kilograms of cocaine.

- *United States v. Carlos Guzman-Javier,* Case No. 22-cr-20282-BB: 75-month sentence imposed in case involving 630 kilograms of cocaine.

- *United States v. Nilson Olaya Grueso,* Case No. 21-20486-DPG: 78-month sentence imposed in case involving 964 kilograms of cocaine.

- *United States v. Raul Bidal Guzman Castillo, et al.,* Case No. 17-20107-cr-CMA: 80-month sentence imposed in case involving 1,008 kilograms of cocaine.

- *United States v. Balbino Valencia Paredes*; *United States v. Pablo Alfredo Palacios Potes*; *United States v. Ricardo Azurdia Escalante,* Case No. 16-cr-20592-UU: 80-month sentence imposed for each defendant in case involving 900 kilograms of cocaine.

- *United States v. Efrain Fernando Arboleda Riascos, Domingo Raul Agrace Arboleda, & Mauricio Salazar Rios,* Case No. 17-cr-20184-UU: Defendants received 80-month sentences in case involving 877 kilograms of cocaine.

- *United States v. Jose Maria Calderon Romero,* Case No. 16-cr-60241-WPD: 81-month sentence imposed on master of the vessel held accountable for 850 kilograms of cocaine.

- *United States v. Freddy Robinson Chinga Cevallos,* Case No. 16-cr-20563-DMM: 84-month sentence imposed where defendant identified self as master of vessel and was held accountable for 700 kilograms of cocaine.

- *United States v. Jose Yovanny Cueto-Sanchez*, Case No. 22-cr-20282-BB: 84-month sentence imposed where defendant identified self as master and case involved 630 kilograms of cocaine.

- *United States v. Francisco Javier Lafaux-Rivera*, Case No. 20-20157-CR-BB: 84-month sentence imposed in case involving semi-submersible vessel and 1,139 kilograms (gross weight) / 897 kilograms (net weight) of cocaine.

- *United States v. Jaminson Alex Camacho Miranda*, 19-20029-cr-FAM: 84-month sentence imposed where defendant was responsible for 1,020 kilograms of cocaine.

## III.    Conclusion

Mr. Hernandez Osorio prays the Court consider the above information in fashioning a sentence that is sufficient but not greater than necessary.

Respectfully submitted,

MICHAEL CARUSO
FEDERAL PUBLIC DEFENDER

BY:    */s/ Kate Taylor*
Kate Taylor
Assistant Federal Public Defender
Special Bar No.: A5502484
150 West Flagler Street, Suite 1700
Miami, Florida 33130-1556
Tel:   305-530-7000
Fax:  305-536-4559
E-Mail: kate_taylor@fd.org

8

**CERTIFICATE OF SERVICE**

I HEREBY certify that on **July 10, 2023**, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Kate Taylor
Kate Taylor