UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 22-CR-20592-BB

UNITED STATES OF AMERICA,
       Plaintiff,

vs.

LUIS JOSE ALFONZO RODRIGUEZ,
       Defendant.
_____/

### DEFENDANT LUIS JOSE ALFONZO RODRIGUEZ' SENTENCING MEMORANDUM AND REQUEST FOR VARIANCE

Pursuant to Rule 32(f) of the Federal Rules of Criminal Procedure and Rule 88.8 of the Local Rules for the United States District Court for the Southern District of Florida, Mr. Luis Jose Alfonzo Rodriguez respectfully submits this sentencing memorandum in support of his request for a sentence of 57 months incarceration.

## Introduction

Luis Jose Alfonzo Rodriguez, an impoverished, uneducated 42-year-old father of two small children from a coastal town in the Venezuela is facing a guideline sentence of over 10 years in prison.  Mr. Alfonzo Rodriguez pled guilty to count One of an indictment charging him with conspiring to possess with intent to distribute more than 5 kilograms of cocaine aboard a vessel subject to the jurisdiction of the United States in violation of Title 46 U.S.C. 70503(a)(1).  Mr.

Alfonzo Rodriguez' total offense level is 33 with a criminal history category I and a corresponding guideline imprisonment range of 135 to 168 months.[1]

Mr. Alfonzo Rodriguez respectfully requests that the Court impose a sentence of 57 months in prison as this sentence is sufficient, but not greater than necessary to fulfill the sentencing goals set forth in 18 U.S.C. § 3553(a).

Mr. Alfonzo Rodriguez urges the Court to sustain his objections to the presentence investigation report. Specifically, his request for a minor role and the accompanying drug quantity reduction and the zero-point offender reduction. If the Court, however, overrules these objections, Mr. Alfonzo Rodriguez requests that the Court consider and vary downward from the sentencing guidelines based on these arguments.

Additionally, Mr. Alfonzo Rodriguez would also ask the Court to consider the following factors in deciding to vary downward from the sentencing guidelines. The Court should recognize that Mr. Alfonzo Rodriguez along with his codefendants obeyed the commands from the Coast Guard officers who stopped their boat. They did not try to evade the Coast Guard, they did not jettison the narcotics or electronics on the boat, and they cooperated with the Coast Guard officers who boarded the boat. Significantly, they obeyed the commands of the officers and at no time did they put the officers at risk while in pursuit or during the boarding of the boat. Accordingly, Mr. Alfonzo Rodriguez cites to these factors to persuade the Court to vary from the sentencing guidelines and impose a 57-month prison sentence.

---

[1] The Government and Probation concede that Mr. Rodriguez Vazquez is safety valve eligible pursuant to 18 U.S.C. 3553(f)(5) and 5C1.2(a)(5). Accordingly, the Court may sentence Mr. Rodriguez Vazquez without regard to the 10-year minimum mandatory sentence.

Moreover, the Court should consider that Mr. Alfonzo Rodriguez' period of incarceration will be markedly different from inmates from the United States. Realistically, Mr. Alfonzo Rodriguez' family will not be able to visit him during his period of incarceration. He will not receive the physical love and support from family members who will be unable to travel to a United States prison to see him. Moreover, his communication with his children and family have been and will continue to be severely restricted because of the distance and shortcoming of his family's telecommunication opportunities.   Furthermore, since Mr. Alfonzo Rodriguez is not a citizen of the United States, he will not be entitled to sentencing credits that citizens may receive.  Mr. Alfonzo Rodriguez will also not receive the benefit of serving his final portion of his sentence at a halfway house or on home detention.  Instead, he will be subject to further detention since after he serves his prison sentence, he will be subject to immigration custody for removal proceedings. Accordingly, the Court should consider these circumstances and vary downward to a 57-month prison sentence.

Finally, Mr. Alfonzo Rodriguez urges the Court to consider the varied sentences imposed in the Southern District of Florida among similarly situated defense in order to avoid an unwarranted sentencing disparity.

WHEREFORE, based on the foregoing, Mr. Alfonzo Rodriguez respectfully requests that the Court vary from the advisory guideline range and impose a 57 month sentence.

Respectfully submitted,

*/S/ Erick Cruz*
Erick Cruz
Attorney for Defendant
1108 Ponce de Leon Blvd.

Coral Gables, FL 33134
Tel. 305.444.3880
Cruz@ErickCruzLaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 10, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

By: /S/ Erick Cruz
Erick Cruz